2009R01422/ADL/JTE/JNM

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 14- |
| v. | : | 18 U.S.C. §1952(a)(3) and 2 |
| EUGENE DESIMONE | : | |

INFORMATION

The defendant having waived in open court prosecution by indictment, the United States Attorney for the District of New Jersey charges:

1.  At all times relevant to this Information:

    a.  The defendant, EUGENE DESIMONE, was a medical doctor licensed to practice medicine in the State of New Jersey.

    b.  Biodiagnostic Laboratory Services, LLC ("BLS") was a clinical blood laboratory headquartered in Parsippany, New Jersey that, among other things, performed tests on the blood specimens of patients referred to BLS by doctors, and then billed payors and others for those tests and related services.

    c.  David McCann worked for BLS.

    d.  David Nicoll was an owner and the President of BLS, and generally directed and supervised David McCann's activities at BLS.

    e. The Medicare Program ("Medicare") was a federal program that provided free or below-cost health care benefits to certain individuals, primarily the elderly, blind, and disabled. Medicare was a "Federal health care program" as defined in Title 42, United States Code, Section 1320a-7b(f) and a "health care benefit program" as defined in Title 18, United States Code, Section 24(b). Individuals who receive benefits under Medicare are commonly referred to as "beneficiaries."

    f. The Medicare Part B program was a federally funded supplemental insurance program that provided supplementary Medicare insurance benefits for individuals aged sixty-five or older, and certain individuals who are disabled. The Medicare Part B program paid for various medical services for beneficiaries, including blood tests and related services.

    g. BLS was an approved Medicare provider, and Medicare paid BLS for performing blood tests and related services on beneficiaries who were referred to BLS by physicians participating in Medicare.

    h. Private health insurance companies (hereafter, "Private Payors") were corporations in the business of providing health care insurance to individuals and entities under various insurance policies (the "insureds"), pursuant to which the Private Payors paid BLS for blood tests and related services performed for

insureds who had been referred to BLS by physicians participating in their provider networks.

2. From at least in or about August 2010 until in or about March 2013, in Morris County, in the District of New Jersey, and elsewhere, defendant

EUGENE DESIMONE

knowingly and intentionally used and caused to be used the mail and any facility in interstate commerce with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, that is, commercial bribery, contrary to N.J.S.A. §2C:21-10 and Title 18, United States Code, Section 1952(a)(3) and, thereafter, did perform and attempt to perform acts to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of such unlawful activity, to include, as follows:

a. Between in or about August 2010 and in or about March 2013, David McCann and one or more other persons at BLS, acting at the direction of David Nicoll, paid defendant EUGENE DESIMONE at least approximately $1,500 per month in cash. In return, defendant EUGENE DESIMONE referred patient blood specimens to BLS that BLS used to submit claims to Medicare and the Private Payors and collect approximately $980,000 from those payors.

    b. The claims BLS submitted for blood testing and other services to Medicare and the Private Payors included charges for tests on blood specimens referred to BLS by defendant EUGENE DESIMONE in return for bribe payments.

    c. On or about March 8, 2012, Medicare paid BLS - by an electronic transfer of funds that originated outside of the State of New Jersey and was received by BLS inside the State of New Jersey - a sum of money for claims and related items submitted by BLS for blood testing on Medicare beneficiaries. A portion of the money paid by Medicare to BLS was for tests performed by BLS on blood specimens referred to BLS by or at the direction of defendant EUGENE DESIMONE in return for bribe payments.

    d. In or about November 2012, David Nicoll caused David McCann to deliver at least $1,500 in cash to defendant EUGENE DESIMONE to induce defendant EUGENE DESIMONE to refer the blood specimens of patients to BLS for testing and related services.

    In violation of Title 18, United States Code, Section 1952(a)(3) and Title 18, United States Code, Section 2.

**FORFEITURE ALLEGATION**

1. The allegations contained in this Information are hereby realleged and incorporated by reference for the purpose of noticing forfeiture pursuant to Title 18, United States Code, Section 982(a)(7).

2. Upon conviction of the offense in violation of Title 18, United States Code, Sections 1952(a)(3) and 2, the defendant, EUGENE DESIMONE, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(7), all right, title, and interest in the sum of $260,500, which constitutes or is derived, directly or indirectly, from gross proceeds traceable to the offense of conviction.

3. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty, the United States shall be

entitled, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(a)(7), to forfeiture of any other property of the defendant, EUGENE DESIMONE, up to the value of the property described in the preceding paragraph.

                                                */s/ Paul J. Fishman*
                                                PAUL J. FISHMAN
                                                UNITED STATES ATTORNEY

CASE NUMBER: _____

United States District Court
District of New Jersey

UNITED STATES OF AMERICA

v.

EUGENE DESIMONE

INFORMATION

18 U.S.C. § 1952(a)(3) and 2

PAUL J. FISHMAN
U.S. ATTORNEY NEWARK, NEW JERSEY

ANDREW LEVEN
ASSISTANT U.S. ATTORNEY
NEWARK, NEW JERSEY
973.645.2700